UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

JABES YAHIR GARCIA BELILLA,

Petitioner,

v.

TODD BLANCHE, *et al.,*

Respondents.

Case No. 26–cv–05363–ESK

OPINION AND ORDER

---

**THIS MATTER** is before the Court on petitioner Jabes Yahir Garcia Belilla's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition).   (ECF No. 1.)

1.    Petitioner is a citizen of the Dominican Republic.   (ECF No. 5 p. 1.) He entered the United States on a tourist visa in 2021.   (*Id.*)

2.    The Department of Homeland Security (Department) arrested petitioner on May 1, 2026 and detained him in Delaney Hall Detention Facility. (*Id.* p. 2.)

3.    Respondents filed an answer on May 18, 2026 stating that petitioner was being detained pursuant to 8 U.S.C. § 1226(a) and that a bond hearing is scheduled for June 1, 2026.   (ECF No. 5 p. 1; ECF No. 5–4 p. 2.)

4.    Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).   A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

5.    "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."   *Zheng v. Rokosky*, No. 26–cv–01689, __ F. Supp. 3d __, 2026 WL 800203, at *3 (D.N.J. Mar. 23, 2026).

6.    Here, there is no dispute that petitioner is being detained pursuant to § 1226(a) and has an upcoming bond hearing.  (ECF No. 5 p. 1; ECF No. 7 p. 1.)   Instead, petitioner argues that he "was not previously afforded a bond

hearing, and even if one is available now, that hearing does not cure the infringement, and if he is unsuccessful, the Board of Immigration Appeals cannot provide relief through an appeal of the bond decision."   (ECF No. 7 p. 2.)

7.     "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ... ." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018).   Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'"   *Zheng*, 2026 WL 800203, at *3 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)).   "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well."   *Id.* at *4.

8.     "In a fundamentally fair bond hearing, due process has three essential elements. '[A noncitizen]: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests.'"   *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21–1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) (quoting *Kamara v. Att'y Gen. of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005) (second alteration in original)).   I cannot say that petitioner will not receive a fundamentally fair bond hearing before said hearing takes place.

9.     Furthermore, "[i]mmigration detainees seeking to invoke this Court's habeas jurisdiction … must exhaust all administrative remedies before they may seek habeas relief in federal court."   *Jelani B. v. Anderson*, No. 20–cv–06459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233–34 (3d Cir. 2003)).

10.     Contrary to petitioner's assertions, it would not be futile to require exhaustion.   Courts in the Third Circuit have excused exhaustion in cases in which the United States argues 8 U.S.C. § 1225(b)(2) is the relevant detention statute because the immigration courts would be required to dismiss bond hearings for noncitizens detained pursuant to § 1225(b) pursuant to the Board of Immigration Appeals's decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).   *See, e.g., Zheng*, 2026 WL 800203, at *3 (D.N.J. Mar. 23, 2026) ("Petitioner was not required to exhaust any administrative remedies before pursuing relief in this Court because … such efforts would be futile."); *Vimos v. Fed. Det. Ctr. Philadelphia*, No. 26–cv–00780, 2026 WL 381173, at *4 (E.D. Pa. Feb. 11, 2026).   That is not the case for petitioner.   He unquestionably has the right to have a bond hearing pursuant to § 1226(a), and one is scheduled for early June.

11.   His "failure to follow this procedure [is] fatal to" my "jurisdiction over [his] habeas petition."   *Duvall*, 336 F.3d at 233.

Accordingly,

**IT IS** on this   **27th** day of **May 2026**   **ORDERED** that:

1.    Petitioner's § 2241 Petition is **DISMISSED FOR LACK OF JURISDICTION**.

2.    Any restrictions imposed on petitioner's location are **LIFTED**.

3.    The Clerk shall **CLOSE** this case.

      _/s/ Edward S. Kiel_____
      **EDWARD S. KIEL**
      **UNITED STATES DISTRICT JUDGE**